UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TERRY D. LEDBETTER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 1:13-cv-01173-SEB-TAB ) |
| CAROLYN COLVIN Acting Commissioner of the Social Security Administration, | ) ) ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION
ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

On September 29, 2014, the Court ordered remand of Plaintiff Terry D. Ledbetter's motion in brief of support of appeal. Plaintiff now seeks $5,393.20 in attorney's fees under the Equal Access to Justice Act. [Filing No. 34.] The Commissioner does not object to Plaintiff's EAJA petition, but requests that the Court order the EAJA fees be paid to Plaintiff. The undersigned agrees.

EAJA provides that "attorney's fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(2)(A). The parties agree that increases in the cost of living and the cost in doing business justify a higher fee. Indeed, Plaintiff's attached Consumer Price Index data [Filing No. 34-1] shows the increasing trend in inflation, which the Seventh Circuit found supports fees in excess of the statutory limit. See *Sprinkle v. Colvin,* 777 F.3d 421, 426-27 (7th Cir. 2015). However, the Commissioner requests that the award be paid to Plaintiff because it is subject to a federal administrative offset in the event that Plaintiff has outstanding federal debts. Plaintiff filed no objection to the Commissioner's request.

1

It is appropriate to directly pay counsel an EAJA award when the plaintiff has no outstanding federal debt and assigns his right to receive fees to his attorney. *Astrue v. Ratliff,* 560 U.S 586, 597-98 (2010). The Commissioner provides no evidence of preexisting debt and can only determine the existence of delinquent federal debt after the Court grants the EAJA award. Consistent with *Ratliff*, the undersigned recommends that the EAJA fees be paid to Plaintiff. If the Commissioner can verify that no pre-existing debt subject to offset exists, the undersigned recommends that the Commissioner through the Department of the Treasury direct that the award be made payable to Plaintiff's counsel pursuant to Plaintiff's EAJA assignment.

For these reasons, the undersigned recommends Plaintiff's petition for EAJA fees [Filing No. 34] be granted. Plaintiff is entitled to $5,393.20, but these fees should be paid directly to Plaintiff and may therefore be subject to an offset to satisfy any pre-existing debt to the Government. See *Ratliff,* 560 U.S. at 589. If the Government determines no pre-existing debt exists, payment may be made to Plaintiff's counsel. The undersigned recommends the Commissioner submit the claim for payment within seventy days of this report and recommendation's adoption or as soon as it decides to forego an appeal under Fed. R. App. Proc. 4(a)(1)(B), whichever is earlier. Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1). Failure to file timely objections within fourteen days after service shall constitute waiver of subsequent review absent a showing of good cause for such failure.

Date: 4/6/2015

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Frederick J. Daley, Jr.
DALEY DISABILITY LAW P.C.
fdaley@fdaleylaw.com

Meredith E. Marcus
DALEY DISABILITY LAW, PC
mmarcus@fdaleylaw.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov